UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:05cv2255 TCM |
| | ) |
| ERIC PETERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This declaratory judgment action is before the Court[1] on the summary judgment motion of Essex Insurance Company ("Plaintiff") seeking an order favorably determining their rights and obligations to defend and indemnify an insured, defendant Unit 47, Inc. ("Unit 47"), doing business as Margarita Mama's, its owner, defendant Jon[2] B. Field, and its employees or agents, defendants Jessie Grathoff, Troy Colson, James Vineyard, Ali Rafiq, Adam Lach, Bronson Bowen, and Tony Friedrich, from state law claims filed against them by defendant Eric Peterson. [Doc. 30] Three responses have been filed in opposition to the motion, one by Peterson, one by Unit 47 and Field, and one by Colson and Vineyard.[3]

The parties agree that a ruling on the pending motion resolves the case.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The complaint refers to this defendant as "John"; the Court will use the spelling in his answer.

[3]A default judgment was entered against defendants Rafiq and Bowen on June 13, 2006. [Doc. 39] Plaintiff's motion to voluntarily dismiss without prejudice Grathoff and Friedrich, based on Plaintiff's inability to locate either, was granted on April 21. [Doc. 29] Mr. Lach is appearing pro se and has not responded to the motion.

**Background**

The genesis of this interpleader action is the lawsuit filed by Peterson in the Circuit Court of St. Louis County, Missouri, for personal injuries he alleges he received while patronizing Margarita Mama's, a restaurant and bar in St. Louis County. (Pl. Ex. 1 ¶ 11.) He specifically alleges that he was a business invitee of Margarita Mama's one night in May 2005 when he "was viciously and violently assaulted, without provocation" by the individually named employees or agents and "with the full knowledge and consent" of the owners and operators. (Id. ¶ 13.) Peterson further alleges that "in the course of such violent and unprovoked assault, [he] was struck, choked, beaten, subject to electric shock, concussed, and wrongfully restrained." (Id. ¶ 14.) He seeks actual and punitive damages for his injures on state law theories of assault and battery (Count I) and false imprisonment (Count II).

Plaintiff issued Limited Liability Policy No. 3CM8707[4] to Unit 47, effective July 19, 2004, through July 19, 2005. (Pl. Ex. 2.) This policy includes the following relevant language in its main body:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> . . .
>
> SECTION I - COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> . . .

---

[4]This policy states that the insured's name is "Banana Joe's." Defendant Unit 47 admits that policy number 3CM8707 covered its business known as "Margarita Mama's." The address of the restaurant covered under the policy is that of Margarita Mama's.

2.   Exclusions

   This insurance does not apply to:

   a.   Expected Or Intended Injury

       "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.   Insuring Agreement

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . . .

. . .

2.   Exclusions

   This insurance does not apply to:

   a.   Knowing Violation Of Rights Of Another

       "Personal and advertising injury" caused by or at the direction of the Insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

(Pl. Ex. 2 at [34], [37], [38].)

After defining what types of events were covered, the policy next defined who was covered as an "insured."

> SECTION II - WHO IS AN INSURED
>
> . . .
>
> 2.  Each of the following is also an insured:
>
>     a.  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

(Id. at [41].)

Elsewhere in the main policy, terms were defined, including the following:

> . . . "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a.  False arrest, detention or imprisonment.

(Id. at [46].)

An "Assault and/or Battery Exclusion" attachment to the main policy provides that:

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable

force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, item 2., Exclusions, a.

(Id. at [11].)

Another attachment to the main policy reads:

RESTAURANT, BAR, TAVERN, NIGHT CLUBS,
FRATERNAL AND SOCIAL CLUBS ENDORSEMENT

The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of:

. . .

4. Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

(Id. at [21].)

An amendment subtitled "Known Injury or Damage" replaced a similarly-titled "Insuring Agreement" provision of Section 1, Coverage A, of the main policy and provided, in relevant part:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for

>  "bodily injury" or "property damage" to which this insurance does not apply. . . .

(Id. at [23].)

A "Combination General Endorsement" also changed sections of the main policy. Two of the provisions in this Endorsement read:

> 6. Punitive or Exemplary Damages is [sic] not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same [except for certain actions brought pursuant to Alabama law].
>
> . . .
>
> 10. Duty to Defend: Where there is no coverage under this policy, there is no duty to defend.

(Id. at [7].)

Plaintiff contends that the language in the insurance policy excludes coverage for the injuries alleged by Peterson against Unit 47 and its employees. Consequently, Plaintiff argues, it has neither a duty to defend that lawsuit nor a duty to indemnify any sum which any of the defendants in that lawsuit may become obligated to pay by settlement or judgment. Defendants disagree.

## Discussion

"Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist Hosp.**, 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)) (alteration added). An issue of material fact is genuine if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." **Hartnagel v. Norman**, 953 F.2d 394, 395 (8th Cir. 1992) (citations omitted).

The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See **City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.**, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). "A [party] facing a summary judgment motion cannot 'get to the jury without any significant probative evidence tending to support the complaint[,]'" but must "make a sufficient showing on every essential element of its claim on which it bears the burden of proof." **Buettner v. Arch Coal Sales Co.**, 216 F.3d 707, 718 (8th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)) (alterations added). And, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could

actually affect the outcome of the lawsuit." **Webb v. Lawrence County**, 144 F.3d 1131, 1135 (8th Cir. 1998).

Additionally, where the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate. See **Adams v. Boy Scouts of America - Chickasaw Council**, 271 F.3d 769, 775 (8th Cir. 2001); **Gordon v. City of Kansas City, Mo.**, 241 F.3d 997, 1002 (8th Cir. 2001).

The unresolved issues in the instant case are primarily legal. They are (1) the nature of Peterson's claims against the remaining defendants and (2) whether those claims are covered under the policy issued by Plaintiff to Unit 47.

The parties agree that Missouri law is applicable, see **Capitol Indemn. Corp. v. 1405 Assocs., Inc.**, 340 F.3d 547, 549 (8th Cir. 2003); **St. Paul Fire and Marine Ins. Co. v. Missouri United School Ins. Council**, 98 F.3d 343, 345 (8th Cir. 1996), and holds that an insurance policy is a contract and is governed by the rules of contract construction, see **Blair v. Perry County Mut. Ins. Co.**, 118 S.W.3d 605, 606 (Mo. 2003) (en banc). "Disputes arising from the interpretation and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute." **Waters v. Travel Guard Int'l**, 136 S.W.3d 100, 107 (Mo. Ct. App. 2004). If the insurance policy is unambiguous, it is enforced absent public policy requiring coverage or a statute. **Heringer v. American Family Mut. Ins. Co.**, 140 S.W.3d 100, 102 (Mo. Ct. App. 2004). If the language in the insurance policy is ambiguous, the contract is construed against the insurer. **Id.** at 102-03. "Ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of

the words used in the policy." **Waters**, 136 S.W.3d at 107. "To test whether the language used in the policy is unambiguous, the language is construed in the light in which it would normally be understood by the lay person who bought and paid for the policy." **Heringer**, 140 S.W.3d at 103. The burden is on the insurer seeking to avoid coverage to prove the applicability of an exclusion. **Id.**

It is clear from a plain reading of the underlying lawsuit that Peterson seeks actual and punitive damages from Unit 47, its owner, and its employees for injuries sustained when he was allegedly assaulted when an invitee at Margarita Mama's. He seeks these damages under two tort law theories: (1) assault and battery and (2) false imprisonment.

What the policy appears to give in Section I, ¶ 2(a) of Coverage A of the main policy it takes away under two separate endorsements to that policy. Paragraph 2(a) includes an exception to the exclusion set forth in the preceding sentence for "bodily injury." That exception reads, "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property." This exclusion, however, is specifically deleted from the policy by two endorsements, the "Assault and/or Battery Exclusion" and the "Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement." The former also specifically excludes coverage for any claim "arising out of assault and/or battery" or "out of any act . . . in connection with the prevention or suppression of such acts" and applies regardless of whether the assault and battery results from the direction of the insured or the insured's "employees, patrons, or other person." The latter specifically excludes coverage for any bodily injury, personal injury, advertising injury, or any injury arising out of an assault or battery.

Additionally, under endorsements to the policy, punitive and exemplary damages are excluded from coverage and, where there is no coverage, there is no duty to defend. Under another provision, Section 2(a) of Coverage B, coverage for a knowing violation of the rights of another, including a personal or advertising injury, is excluded. Personal injury and advertising injury are defined in Section IV, 14(a), to include consequential bodily injury arising out of "false arrest, detention, and imprisonment." And, volunteer workers are covered under the policy only while performing duties related to the insured's business or employees and only in the scope of the insured's business.

The foregoing provisions are not ambiguous, nor do the endorsements clearly deleting the one sentence render the policy ambiguous. The policy language clearly excludes from coverage actual and punitive damages for bodily injuries sustained as a result of an assault and battery and of a false imprisonment by the insured's employees and agents.

Peterson alleges in his state lawsuit that he "was viciously and violently assaulted, without provocation," and that in the course of the "violent and unprovoked assault, [he] was struck, chocked, beaten, subject to electric shock, concussed, and wrongfully restrained." (Pl. Ex. 1 ¶¶ 13, 14, 19.) (Alteration added). Under Missouri law, "[a]ssault is defined as 'any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril.'" **Phelps v. Bross**, 73 S.W.3d 651, 655 (Mo. Ct. App. 2002) (quoting Geiger v. Bowersox, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998)). "Battery is the willful touching of a person of another, as the consummation of an assault." **A.R.B. v. Elkin**, 98 S.W.3d 99, 104 (Mo. Ct. App. 2003). "The constituent elements of false imprisonment are the detention or restraint of the plaintiff

against his or her will and the unlawfulness of the detention or restraint." **Hyatt v. Trans World Airlines, Inc.**, 943 S.W.2d 292, 299 (Mo. Ct. App. 1997).

In **Essex Ins. Co. v. Cowboys 2000, Inc.**, No. 99-3362-CV-S-4-ECF (W. D. Mo. Feb. 20, 2001), the District Court examined language in an insurance policy that parrots the language now at issue when determining whether the plaintiff had a duty to indemnify and defend a tort case filed by a patron of the defendant establishment who was injured during a fight in the establishment's parking lot. The underlying lawsuit stated causes of action for, inter alia, assault and battery and false imprisonment. As does the policy before the Court, see pages 4 and 5, supra, the policy at issue excluded coverage for assault and battery and claims arising "out of any act or omission in connection with the prevention or suppression of such acts." Id. at 6. The court found that the excluded acts "would include things such as false imprisonment[.]" Id. (alteration added). The court further found that the insurance policy's language clearly and unambiguously excluded coverage for the patron's personal injury tort claims. Id. at 7.

Language in other insurance policies similar to that now at issue has been construed under Missouri law to exclude coverage for personal injury claims brought by business invitees of restaurants and taverns. See **Alea London, Ltd. v. Maxwell**, 2006 WL 839220, *2 (E.D. Mo. March 28, 2006) (holding that "[p]olicies with assault and battery exclusions which contain the language 'arising out of' are clear" and, therefore, exclude coverage for failure-to-protect claims filed by parents of man who died as a result of injuries sustained on insured/tavern's premises); **Hunt v. Capital Indem. Corp.**, 26 S.W.3d 341, 342, 345 (Mo. Ct. App. 2000) (holding in a negligence action against the insurer of a tavern that the

provision in the tavern's insurance policy excluding coverage for "bodily injury arising out of an assault and or battery" defeated coverage for a negligence claim filed by the parents of a stabbing victim killed outside of the bar) ("Without the underlying assault and battery, there would have been no injury and therefore no basis for plaintiffs' action against [the tavern's owner] for negligence.") (alteration added); **Acceptance Ins. Co. v. Winning Concepts of Westport, Inc.**, 842 S.W.2d 206, 208 (Mo. Ct. App. 1992) (holding that assault and battery exclusion defeated coverage for negligent hiring and retention claim filed after restaurant employees allegedly assaulted and battered a patron; phrase "arising out of assault and/or battery or out of an act or an omission in connection with the prevention or suppression of such acts" was unambiguous and clearly applied to claim).

Cases from other Circuits have found no coverage in similar circumstances. As in the instant case, the underlying claims at issue in **Scottsdale Ins. Co. v. Texas Security Concepts and Investigation**, 173 F.3d 941 (5th Cir. 1999) (per curiam), were for assault and false imprisonment, in addition to rape. The question before the court was whether the assault and battery exclusion in the insured's liability policy relieved the insurer from its duty to defend and indemnify the insured against claims filed by the two tort victims. "When an exclusion precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and comprehensive interpretation. A claim need only bear an incidental relationship to the described conduct for the exclusion to apply." **Id.** at 943. Therefore, the court held, the claims for false imprisonment and forcible restraint, having arisen out of the same conduct giving rise to the assault and battery claim, "occurred concurrently and as part of the same sequence of events" and were within the assault and

battery exclusion provision of the policy.  **Id.** at 943-44.  See also **Interstate Fire & Casualty Co. v. 1218 Wisconsin, Inc.**, 136 F.3d 830, 834 (D.C. Cir. 1998) (holding that coverage for claims of intentional infliction of emotional distress, gross negligence, and negligence filed against bar by injured patron was barred by the assault and battery exclusion in the bar's insurance policy); **United Nat. Ins. Co. v. Waterfront New York Realty Corp.**, 994 F.2d 105, 108-09 (2nd Cir. 1993) (holding that "assault and battery" exclusion in nightclub's liability insurance policy was not ambiguous and covered "all types of qualitatively different situations," including claims for sexual assault).

Citing **Behr v. Blue Cross Hosp. Servs. of Missouri**, 715 S.W.2d 251 (Mo. 1986) (en banc), defendants Colson and Vineyard argue that an ambiguity is created when an insurance policy promises coverage for a type of claim at one point in the policy and then retracts the coverage at another point in the same policy; thus, the policy should be interpreted against the insurer and in favor of the insured.  At issue in that case was the definition of when an insured event began.  An advertising brochure included a definition; the policy did not.  **Id.** at 254-55.  The court found that the brochure did constitute a part of the policy and held the insurer to the statements therein.  **Id.** at 255.  Those statements fixed *when* the insurer's liability began and the court declined to give another provision in the policy itself an inconsistent interpretation.  There is no ambiguity in the instant case.  The sentence in the general liability policy was deleted by the clear language of the endorsements.  Defendants' argument to the contrary is unavailing.

In supplemental memorandums, Plaintiff and defendants Colson and Vineyard cite **Penn-America Ins. Co. v. Bar, Inc.**, — S.W.3d —, 2006 WL 2670052, * (Mo. Ct. App.

Sept. 19, 2006), in support of their opposing arguments. The issue in that case was whether an assault and battery exclusion in a bar's commercial general liability insurance policy applied to a claim against the bar based on allegations that its employee did not use non-violent means to eject a patron. The appellate court held that the trial court had erred in not applying the exclusion clause. **Id.** at *6. The court did not, as argued by defendants, hold that the exclusion applied only because the underlying tort was a negligence claim. Indeed, the Court held that the exclusion applied to all four of the patron's claims, including one for the "*intentional* infliction of emotional distress." **Id.** (emphasis added).

In his opposition to the motion for summary judgment, defendant Peterson contends that summary judgment cannot be granted because defendants Grathoff, Rafiq, Bowen, and Friedrich are indispensable parties and have not been served. As noted by the Court and by Plaintiff, Rafiq and Bowen were served and a default judgment has been entered against them. Plaintiff alleges, without contradiction by Peterson, that Peterson has also failed to serve either Grathoff or Friedrich. Under Missouri law, a party "can only be considered 'indispensable' if he cannot be made a party and if the court determines that it cannot 'in equity and good conscience' allow the action to proceed without him." **State ex rel. Webster County v. Hutcherson**, 199 S.W.3d 866, 874 (Mo. Ct. App. 2006) (citing Mo.S.Ct.R. 52.04(b)). The missing two men are neither the insured nor an owner of the insured. Peterson has apparently allowed his lawsuit to proceed without either. This Court concurs that the two are not indispensable parties.

## Conclusion

Eric Peterson seeks monetary damages from Unit 47, Inc., Field, and the named employees for injuries that are clearly excluded from coverage under the commercial general liability insurance policy issued by Plaintiff to Unit 47, Inc. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **GRANTED**. [Doc. 30]

An appropriate Judgment shall accompany this Memorandum and Order.

                                              /s/ Thomas C. Mummert, III  
                                              THOMAS C. MUMMERT, III  
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2006.